Bland, Chancellor.
The motion of the petitioner Sarah Allen, that the decree should be revived having been submitted on her part, and no cause having been shewn to the contrary, the proceedings were read and considered.
The act of 1820, ch. 161, it is evident, was intended to provide a course of proceeding by which any party who had a right to revive a suit that had abated, in the manner specified, before a final decree, might have it revived in a mode less expensive and dilatory than in the common way by a bill of revivor. It is manifest, that the general object of that law was to shorten and envigorate the *545 proceedings in chancery. It certainly cannot be considered as embracing any cases of abatement after a decree; because its phraseology expressly refers to cases which have not been brought to a termination, and to suits where “ such final decree as to right shall appertain,” remains to be made; and also, because it could not have been the intention of the legislature to provide a new mode of proceeding more expensive and less energetic than one already well established; as is the case in suits abating by the death of a party after a decree.
According to the course of proceeding. in chancery, where a party dies, or a female plaintiff marries, after the final decree has been enrolled, such decree and proceedings must be revived by a subpcena scire facias. Which mode of reviving a suit, however, can only be pursued by or against the heir, the legal representatives, or those -who are privy in blood or contract to the deceased party; and who, as such, may be benefited or bound by the decree : but they are precluded from going into its merits; and upon the same principles the merits of the decree cannot be questioned even on a bill in nature of a bill of revivor by an .assignee or a devisee, (a) If the party summoned fails to shew cause, or the cause shewn should be deemed insufficient, he may, if required, be examined on interrogatories as to any matter necessary to the proceedings. But where there have been any proceedings subsequent to the decree, this process will be ineffectual, as it revives the decree only and nothing more.(b) It is said, that in England it has become the practice to revive in all cases indiscriminately by bill, because of its having become unusual to enroll decrees; but in Maryland all decrees are considered as enrolled so soon as they are signed ;(c) and consequently, a bill of revivor, or this mode of reviving a suit, which has abated after a decree, by a subpcena scire facias, must be considered as the most regular, if not in fact the only modes by which a suit can properly be revived in this court.(d)
A subpcena scire facias may be obtained by petition, and must be served like a subpcena to answer. On its appearing by the return, that the process has been made known, and the party regularly summoned, if no cause be shewn to the contrary, nor any plea in *546 bar, &c.(e) the court will, without requiring any appearance to be entered, on motion, at any time after the first four days of the term to which the party has been returned summoned, order the decree to stand revived.(f) The court of chancery in this, as in various other particular's, regulates its proceeding by analogy to the course of the common law; according to which, where after judgment a, party dies, the judgment maybe revived by a scire facias, on which, if returned made known, and no cause is shewn, the judgment is at once ordered to stand revived without an appearance. So in chancery. But in this case nothing more than a common subpcena to answer has been issued. No subpoena scire facias has been as yet either asked for, issued or made known. Therefore it is
Ordered, that the said petition of the said Sarah Allen stand over, with leave so to amend it as to pray for a subpcena scire facias, and until such process can be issued and returned to the term next after the same shall have been issued.
The petition was amended as suggested by this order, and a subpcena scire facias, in the following form, was issued :
“ Maryland, sct : — The State of Maryland, to Micajah Burke, Elizabeth Burke, and William Comegys of Baltimore county, Greeting: You are hereby commanded, that all excuses set apart you personally be and appear before the High Court of Chancery, to be held at the city of Annapolis on the second Tuesday of March next, to shew cause, if any you have, why a decree passed by the said court on the 29th day of April 1828 against you, at the suit of the late Richard Allen, should not stand revived against you at the suit of Sarah Allen, administratrix with the will annexed of the said late Richard Allen, as prayed by her petition in the said court exhibited. Hereof fail not,-as you will answer the contrary at your peril. Witness the Honourable Theodorick Bland, Chancellor, this 16th day of February, Anno Domini, 1829.
“ Test, Ramsay Waters, Reg. Cur. Can.”
The sheriff on the 6th of March 1829, returned the writ thus endorsed: “ Summoned Comegys, summoned Micajah Burke and Elizabeth Burke.” Upon which the matter was again brought before the court.
18th March, 1829. — Bland, Chancellor. — It appearing by the return of the subpcena scire facias, that the said defendants have *547 been summoned, and no cause having been shewn, it is therefore Ordered, that the said decree stand revived to all intents and purposes whatever in favour of the said Sarah Allen, administratrix with the will annexed of the said late Richard Allen, against the said defendants Micajah Burke, Elizabeth Burke, and William Comegys, as prayed by the petition of the said Sarah.

 Dunn v. Allen, 1 Vern. 283, &. 426; Owen v. Curzon, 2 Vern. 237; Clare v. Wordell, 2 Vern. 548; Minshull v. Lord Mohun, 2 Vern. 672.

 Mitf. Plea. 70.

 Hollingsworth v. McDonald, 2 H. & J. 237.

 Croster v. Wister, 2 Rep. Chan. 67; Wharam v. Broughton, 1 Ves. 181; White v. Hayward, 2 Ves. 461; Fallows v. Williamson, 11 Ves. 307.

 Comber’s Case, 1 P. Will. 767.

 1 Harr. Pra. Cha. 670; 2 Harr. Pra. Cha. 191; 2 Fowl. Exch. Pra. 301, 305, 419.